[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11469
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00063-MEF-TFM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS DUPREE HURRY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(June 23, 2014)

Before HULL, MARCUS, and ANDERSON, Circuit Judges.

PER CURIAM:

Marcus Dupree Hurry appeals his conviction for forcibly assaulting a federal

officer while the officer was engaged in the performance of his official duties, in

violation of 18 U.S.C. § 111(b).  On appeal, Hurry argues that his conviction should be reversed because the government did not establish sufficient facts for a reasonable jury to find beyond a reasonable doubt that Hurry forcibly assaulted a federal officer using a deadly or dangerous weapon while the officer was engaged in the performance of his official duties.  Hurry further argues that his conviction should be reversed because the district court erred in refusing to give his requested jury instruction on the lesser-included offense of forcibly assaulting a federal officer without using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1).

We address each of Hurry's arguments in turn.

I.

When a defendant preserves a challenge to the sufficiency of the government's evidence by moving for a judgment of acquittal, we review the sufficiency of the evidence *de novo*.  *United States v. Jiminez*, 564 F.3d 1280, 1284 (11th Cir. 2009).  We determine whether the evidence was sufficient for a reasonable jury to conclude that the defendant was guilty beyond a reasonable doubt.  *United States v. Gupta*, 463 F.3d 1182, 1193-94 (11th Cir. 2006).  We view all evidence in the light most favorable to the government, resolving any conflicts in favor of its case.  *United States v. Frank*, 599 F.3d 1221, 1233 (11th Cir. 2010).  Whether the evidence was direct or circumstantial, we will accept all reasonable

inferences that tend to support the government's case. *United States v. Williams*, 390 F.3d 1319, 1324 (11th Cir. 2004).

We have held that the determination of a witness's credibility is the exclusive province of the jury. *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997), *modified on other grounds*, *United States v. Toler*, 144 F.3d 1423, 1427 (11th Cir. 1998). We will not review determinations made by the jury as to the credibility of witness testimony unless such testimony is "incredible as a matter of law." *Id*. (quotations omitted). Testimony is incredible as a matter of law only when it is "unbelievable on its face" and relates to "facts that the witness physically could not have possibly observed or events that could not have occurred under the laws of nature." *Id*. (quotations omitted). Otherwise, we uphold the jury's analysis and assume it made all credibility choices in support of the verdict. *Jiminez*, 564 F.3d at 1285.

To support a conviction for forcibly assaulting a federal officer using a deadly or dangerous weapon while the officer was engaged in the performance of his official duties in violation of 18 U.S.C. § 111(b), the government must prove beyond a reasonable doubt that (1) the defendant committed any acts described in § 111(a), and (2) in so doing the defendant used a deadly or dangerous weapon. *United States v. Siler*, 734 F.3d 1290, 1296 (11th Cir. 2013). To prove that the defendant committed an act described in § 111(a), the government must establish

3

that the defendant forcibly assaulted, resisted, opposed, impeded, intimidated, or interfered with an officer or employee of the United States while engaged in or on account of the performance of official duties.  *See* 18 U.S.C. § 111(a); 18 U.S.C. § 1114.  To prove "forcible assault," the government must establish a "willful *threat or attempt* to inflict bodily injury upon the person of another[,] coupled with an apparent present ability to do so, . . . such as would give the victim reason to fear or expect immediate bodily harm."  *United States v. Fallen*, 256 F.3d 1082, 1087 (11th Cir. 2001) (quotations omitted).  Proof of physical contact is not required. *Id.*  Furthermore, proof that the defendant knew at the time that the victim was a federal officer carrying out an official duty is not required.  *United States v. Ettinger*, 344 F.3d 1149, 1154-55 (11th Cir. 2003).  The government must also prove that the defendant used a deadly or dangerous weapon, which may include "a weapon intended to cause death or danger but that fails to do so by reason of a defective component."  18 U.S.C. § 111(b).

Viewing the evidence *de novo*, because Hurry moved for a judgment of acquittal at the proper times during trial, a reasonable jury could conclude that Hurry forcibly assaulted a federal officer using a deadly or dangerous weapon while the officer was engaged in the performance of his official duties.  *Gupta*, 463 F.3d at 1193-94.  The evidence showed that Hurry reversed his car and sped down a hill at a high speed directly towards Deputy John C. Hamilton, a federal officer

4

assisting the Monroe County, Alabama, Sheriff's Department in locating and apprehending a fugitive.  Hurry continued speeding down the hill, despite the flashing emergency lights and sirens on Deputy Hamilton's vehicle and Deputy Hamilton's verbal orders to stop.  Deputy Hamilton, who testified that he felt that he was in danger of being crushed by Hurry's 4,000-pound car, jumped out of the car's path, but nevertheless felt the side mirror of Hurry's car brush his arm.  Hurry's car then struck Deputy Hamilton's vehicle, causing substantial damage to the body of the vehicle and blowing out the front passenger window.

Based on this evidence, a reasonable jury could find that Hurry used his car in a deadly or dangerous manner to deliberately threaten or attempt to inflict bodily injuries on Deputy Hamilton, and that, under the totality of the circumstances, Deputy Hamilton was reasonably afraid of being run over.  Accordingly, we affirm Hurry's conviction.

## II.

We review the district court's refusal to give a defendant's requested jury instruction for an abuse of discretion.  *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).  Under this standard, we will only reverse if there is "substantial and eradicable doubt as to whether the jury was properly guided in its deliberations."  *Id.* at 948 (quotations omitted).  An abuse of discretion may occur where the evidence would permit a rational jury to acquit the defendant of the

greater, charged offense and to convict him of the lesser-included offense. *United States v. Williams*, 197 F.3d 1091, 1095 (11th Cir. 1999).

The district court did not abuse its discretion in denying Hurry's requested jury instruction on the lesser-included offense of forcibly assaulting a federal officer without using a deadly or dangerous weapon, in violation of 18 U.S.C. § 111(a)(1).  Based on the evidence presented at trial, a rational jury could not have convicted Hurry of forcibly assaulting Deputy Hamilton without using a deadly or dangerous weapon.  Accordingly, we affirm Hurry's conviction.

**AFFIRMED.**