# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 17, 2021

Lyle W. Cayce
Clerk

No. 20-20270

United States of America,

*Plaintiff—Appellee*,

*versus*

Isaiah Mykal-Lewis Wilson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-468-1

Before King, Dennis, and Ho, *Circuit Judges*.

Per Curiam:[*]

Isaiah Mykal-Lewis Wilson pleaded guilty to a one-count information, which alleged that he forcibly assaulted, resisted, opposed, impeded, intimidated, and interfered with A.H., a federal employee of the U.S. Postal Service, while she was engaged in the performance of her official duties, in violation of 18 U.S.C. § 111(a). On appeal, Wilson challenges the sentence

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-20270

imposed by the district court following his guilty plea. For the reasons that follow, we AFFIRM.

## I.

According to the presentence report, on May 30, 2019, A.H., a federal employee of the U.S. Postal Service, bent over to place a package in a mailbox and "felt the right side of her pants being pulled down." When A.H. tried to turn around, Wilson, whose pants were down, held her neck in a chokehold. A.H. reported that "she could feel [Wilson] trying to penetrate her from behind." A.H. struggled with Wilson to try to get away and said "Call 911" into her Bluetooth headset, thinking it would connect her with the police. Wilson then fled the scene, at which point A.H. reported the incident by calling 911 and her supervisor.

At sentencing, over Wilson's objection, the district court applied § 2A2.2, the aggravated assault Guideline. As such, once the two-level deduction for acceptance of responsibility was applied, Wilson's total offense level was twelve. With a criminal history category of I, the advisory Guidelines range was ten to twelve months of imprisonment. The statutory maximum was twelve months of imprisonment, and after considering the Guidelines, the 18 U.S.C. § 3553(a) factors, the victim statement, and Wilson's previous criminal record, the district court sentenced him to twelve months of imprisonment followed by a one-year term of supervised release. Wilson timely appealed, arguing that § 2A2.2 should not apply because his conduct did not constitute aggravated assault.

## II.

"We review the district court's application and interpretation of the [S]entencing [G]uidelines *de novo* and its factual findings for clear error." *United States v. Gonzalez–Terrazas*, 529 F.3d 293, 296 (5th Cir. 2008). "A

2

No. 20-20270

factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *United States v. Calbat*, 266 F.3d 358, 364 (5th Cir. 2001).

### III.

At bottom, this appeal is about whether the district court clearly erred in determining that Wilson's relevant conduct constituted an aggravated assault.[1] Specifically, did Wilson's relevant conduct evidence an intent to commit another felony during the course of a felonious assault? *See United States v. Robles*, 557 F. App'x 355, 357 (5th Cir. 2014) (citing *United States v. Goynes*, 175 F.3d 350, 353 (5th Cir. 1999)). Because the district court's determination that Wilson intended to commit another felony during the course of a felonious assault was not clearly erroneous, we must affirm.

Although Wilson contends, as he did before the district court, that his conduct cannot constitute "aggravated assault" because he pleaded guilty to a misdemeanor under 18 § U.S.C. 111,[2] Wilson's argument suffers from a fatal defect. Namely, Wilson focuses on his *charged* conduct instead of his relevant conduct. As discussed below, neither caselaw nor the Guidelines support doing so.

Of course, Wilson's *charged* conduct is the starting place for determining his Guidelines range, and he is correct that the initial Guideline we are pointed to is not § 2A2.2 but rather is § 2A2.4, the Guideline for

---

[1] The comments to § 2A2.2, as relevant here, define "aggravated assault" as "a felonious assault that involved . . . an intent to commit another felony."

[2] In other words, by pleading guilty to a misdemeanor, Wilson contends that his conduct cannot constitute a "felonious assault that involved . . . an intent to commit another felony" as the comments to § 2A2.2 define "aggravated assault." Instead, he argues that his base offense level should have been determined by applying § 2A2.4 ("Obstructing or Impeding Officers"). According to Wilson, applying § 2A2.4 would have resulted in a base offense level of ten and an advisory Guidelines range of eight to twelve months instead of ten to twelve months.

obstructing or impeding officers. *See* U.S.S.G. §§ 1B1.1, 1B1.2. But within § 2A2.4 is a cross-reference that provides that if the defendant is convicted under 18 § U.S.C. 111, as Wilson was, and the conduct constituted aggravated assault, then the district court should apply § 2A2.2. *See* U.S.S.G. § 2A2.4(c)(1).

Importantly, "in determining the applicability under § 2A2.4(c)(1) of § 2A2.2, the district court is not limited to considering the conduct of the offense of conviction, but also may consider the defendant's 'underlying conduct' or . . . the 'relevant' conduct." *Robles*, 557 F. App'x at 357 (quoting *United States v. Street*, 66 F.3d 969, 979 (8th Cir. 1995)); *see also United States v. Padilla*, 961 F.2d 322, 325–27 (2d Cir. 1992) (emphasizing that the district court must consider "actual conduct" in determining the Guidelines range); *United States v. Gonzales*, 996 F.2d 88, 93 (5th Cir. 1993) (citing *United States v. Padilla* favorably for the proposition that the district court considers relevant conduct in determining the Guidelines range). Indeed, the Guidelines say as much. *See* U.S.S.G. § 1B1.3 (explaining that "cross references . . . shall be determined on the basis of . . . all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant").

With the understanding, then, that the district court must consider Wilson's *relevant* conduct in determining whether Wilson's conduct constituted an aggravated assault, we now turn to whether the district court's factual findings on that score were clearly erroneous. And in so reviewing the district court's findings, we note that we have previously explained that "although there is some overlap between § 2A2.2 and § 2A2.4, the logical conclusion is that § 2A2.4 is meant to apply to possession of weapons and verbal threats, while § 2A2.2. is meant to apply to something more." *United States v. Hooker*, 997 F.2d 67, 75 (5th Cir. 1993).

In this case, the district court found that Wilson made physical contact with A.H. and then attempted to penetrate her from behind while his pants were down. And indeed, although Wilson initially provided investigators with a different story, he acknowledged that his interactions with A.H. were "sensual or sexual in nature," and subsequently pleaded guilty to approaching A.H. and pulling down her pants while standing right behind her, at which point a struggle ensued.

Against that backdrop, Wilson's conduct, which was not an instance of a mere verbal threat but rather included pulling down his pants and attempting to penetrate A.H. from behind, constitutes "something more," thereby implicating § 2A2.2. *Id.* In other words, notwithstanding Wilson's guilty plea to a misdemeanor charge, the district court did not clearly err in determining that Wilson's relevant conduct constituted an aggravated assault—in this case, a felonious assault with the intent to commit another felony (sexual assault).[3] *See United States v. Cozzi*, 613 F.3d 725, 734 (7th Cir. 2010) (explaining that where a defendant acknowledged in his federal plea that he hit the victim with a dangerous weapon, the defendant could "make no serious argument that the conduct to which he pled guilty [did] not constitute felonious assault, his bargain in state court [where he pled guilty to a misdemeanor] notwithstanding"); *cf. United States v. Siler*, 734 F.3d 1290, 1297 (11th Cir. 2013) (noting that even if the defendant had been charged with "what would have been—in the absence of the use of a deadly or dangerous weapon—a misdemeanor offense under § 111(a), his use of a

---

[3] In Texas, sexual assault is a felony. Tex. Penal Code § 22.011(f). Under Tex. Penal Code § 22.011(a), "a person commits [such] an offense if the person . . . knowingly . . . causes the penetration of the anus or sexual organ of another person by any means, without that person's consent . . . or causes the sexual organ of another person, without that person's consent, to contact the . . . sexual organ of . . . the actor."

No. 20-20270

deadly or dangerous weapon during that offense transformed his act from a misdemeanor offense . . . to a felony offense . . .”).

Accordingly, the district court did not clearly err in its factual finding that Wilson's relevant conduct constituted a felonious assault with intent to commit another felony, and the application of § 2A2.2 was proper.

## IV.

For the foregoing reasons, we AFFIRM.