**NOT FOR PUBLICATION**

**FILED**

MAY 17 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 22-50207 |
| Plaintiff-Appellee, | D.C. No. 2:21-cr-00339-FLA-1 |
| v. | |
| YEFEI WEN, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Fernando L. Aenlle-Rocha, District Judge, Presiding

Submitted May 9, 2023**
Pasadena, California

Before: HURWITZ and R. NELSON, Circuit Judges, and KANE,*** District Judge.

In this appeal, Yefei Wen challenges the sentence he received upon his

conviction for damaging property occupied by a foreign government in violation of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Yvette Kane, United States District Judge for the Middle District of Pennsylvania, sitting by designation.

18 U.S.C. § 970(a). He argues that the district court erred in applying an enhancement to his sentence based on his possession of a car and a hammer, as well as a rope and a box cutter, in connection with the offense. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.

"We review the district court's interpretation of the Sentencing Guidelines de novo, its factual findings for clear error, and its application of the Guidelines to the facts for abuse of discretion." *United States v. George*, 949 F.3d 1181, 1184 (9th Cir. 2020). Where, as here, a defendant fails to object below to the application of a particular burden of proof, we review for plain error. *United States v. Jordan*, 256 F.3d 922, 926 (9th Cir. 2001). Plain error is "(1) error, (2) that is plain, and (3) that affects substantial rights"—if "all three conditions are met," we may "notice a forfeited error, but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.* (quoting *Johnson v. United States*, 520 U.S. 461, 466–67 (1997)).

1.     Wen first argues that the district court erred in its interpretation of "dangerous weapon" for purposes of United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") § 2B1.1(b)(16)(B), which increases a defendant's base offense level for certain offenses involving "possession of a dangerous weapon (including a firearm) in connection with the offense." The district court concluded that Wen possessed a car, hammer, box cutter, and rope in connection

2

with the offense and that those items constituted dangerous weapons based on their latent capability to inflict serious bodily injury. Wen argues that those items could not have constituted dangerous weapons under § 2B1.1(b)(16)(B) because he did not *use* them in a threatening manner.

The district court correctly concluded that the items possessed by Wen in connection with the offense constituted dangerous weapons because of their capacity to inflict serious bodily injury. Commentary to the Guidelines defines "dangerous weapon" to include an "instrument capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1 cmt. n.1(E). Neither this definition nor U.S.S.G. § 2B1.1(b)(16)(B) itself requires actual use of the items to inflict serious bodily injury. *See United States v. Lavender*, 224 F.3d 939, 941 (9th Cir. 2000). The car, hammer, box cutter, and rope are all self-evidently instruments capable of inflicting death or serious bodily injury, so the district court did not err in concluding that they constituted dangerous weapons within the meaning of § 2B1.1(b)(16)(B). *See, e.g.*, *United States v. Dayea*, 32 F.3d 1377, 1379 (9th Cir. 1994) (car); *cf. United States v. Siler*, 734 F.3d 1290, 1292 (11th Cir. 2013) (rope).

2.      Wen next argues that the district court plainly erred by failing to require the government to prove the facts supporting the applicability of the enhancement by clear and convincing evidence, contending that the evidence provided by the government was insufficient to demonstrate that he *used* the items

3

in his possession to inflict serious bodily injury. This argument depends entirely on the contention we reject above: that the Guidelines requires use of the weapon in the offense. Further, because Wen concedes that the district court did not specify which standard of proof it used in connection with its finding that the dangerous weapon enhancement applied to his offense, he cannot identify a "'clear' or 'obvious' [error] from the record . . . ." *See United States v. Brigham*, 447 F.3d 665, 669 & n.20 (9th Cir. 2006) (quoting *United States v. Olano*, 507 U.S. 725, 734 (1993)).

3.      Lastly, Wen argues that the district abused its discretion in finding that the relevant items were possessed by him in connection with the offense for their capacity to inflict serious bodily harm or death. To the extent this argument depends in part on Wen's claim that the district court erred in finding that Wen possessed a "dangerous weapon" for purposes of U.S.S.G. § 2B1.1(b)(16)(B), we have already rejected it. And, the district court did not abuse its discretion by concluding that Wen possessed, at a minimum, the car and hammer in connection with the offense because the record reflects that both items directly facilitated the offense of damaging property occupied by a foreign government. *See United States v. Routon*, 25 F.3d 815, 819 (9th Cir. 1994).

**AFFIRMED.**

4